UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| August Image, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Girard Entertainment & Media, LLC and Keith Girard,<br><br>Defendants. | Case No.: 1:23-cv-1492<br><br>**AFFIDAVIT OF RACHEL CROWE** |

I, Rachel Crowe, am over the age of 18 and am employed as the Director of Archives for Seliger Studio, Inc. and in that capacity work with photographer Mark Seliger and August Image as the exclusive syndicator of his images. I offer this affidavit in support of this Court's Order to Show Cause which I understand is set for August 25, 2023. I have personal knowledge of the below and if called as a witness could and would testify competently as follows:

1. On March 1, 2023 Laura Zaharia, formerly of Doniger Burroughs, sent an email advising us that the case was referred to early mediation and that we were required to produce the licensing history for the "Friends" cast photograph at issue to the defense. I gathered and provided all the information we had to Ms. Zaharia, and I understand that Ms. Zaharia turned that over to the Defense.

2. All the licenses we entered for the photograph at issue were through our prior exclusive syndication company, Trunk Archive. When Trunk advised us of licenses entered for Mark's works, it provided us with a summary containing certain information including the portion of that license to be paid to our company but *not* the total licensing fee or a copy of the license. We then used the information provided by Trunk Archive to create an invoice for each license. Those were the invoices we produced, which contain all the

1

information we have regarding each license.

3. Prior to the mediation which I understand occurred on June 6, 2023 (I did not attend, my colleague Ruth Levy did along with Mark Seliger and representatives of August), it did not occur to me that the information I provided to our counsel did not contain the actual licensing amounts paid by the licensees of Mr. Seliger's "Friends" image.

4. After the mediation when we realized the issue, I requested the actual invoices from Trunk. Trunk provided them to me with the following note: "*** **Please note**: *these invoices are confidential and for your eyes only. Each contains information that is protected by GDPR, and <u>cannot</u> be forwarded to third parties without the explicit written consent of Trunk Archive or our clients.*" I believe our counsel has now provided those invoices to the Defendants.

5. I understand that the Court required us to provide certain information to the Defendants and prior to the mediation thought we had provided what was required. Had we realized that what we provided only reflected our portion of the license amounts we would have taken the necessary steps to get the actual licenses earlier since it would only help our claims. On behalf of Plaintiffs, I apologize for any inconvenience that our oversight may have caused.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated:   New York, New York
         August 21, 2023

_Rachel Crowe_
Rachel Crowe