# Exhibit A

N8p2AugC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   AUGUST IMAGE, LLC, *et al.,*

4                   Plaintiffs,              New York, N.Y.

5            v.                              23 Civ. 1492 (VEC)

6   GIRARD ENTERTAINMENT & MEDIA,
    LLC, *et al.,*
7
                    Defendants.
8
    ------------------------------x          Conference
9
                                             August 25, 2023
10                                           10:00 a.m.

11  Before:

12                  HON. VALERIE E. CAPRONI,

13                                           District Judge

14

15                          APPEARANCES

16

17  DONIGER & BURROUGHS, P.C.
         Attorneys for Plaintiffs
18  BY:  STEPHEN M. DONIGER

19
    MITCHELL SILBERBERG & KNUPP,  LLP
20       Attorneys for Defendants
    BY:  ELEANOR M. LACKMAN
21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

N8p2AugC

1          THE COURT:  The question is do you need discovery for

2     either of those?

3          MS. LACKMAN:  No, I don't think so.  I don't think so,

4     because we have the agreement and I don't think we -- I mean,

5     the agreement is a bit challenging, but it seems clear to me

6     that he is an employee for hire, and so therefore there is a

7     standing issue with him there.

8          I think the fair use argument is more clear-cut, but I

9     think the standing argument is readily explainable relatively

10    briefly without any discovery.

11         THE COURT:  So why shouldn't I enter an order to show

12    cause on these two issues?

13         MR. DONIGER:  I mean, if you would like to, that's

14    fine.  But I think that it's ultimately a -- we strongly

15    disagree with counsel's description of these documents.

16         THE COURT:  To be clear, on the fair use, there is no

17    discovery needed, right?  There is just --

18         MR. DONIGER:  I don't think so.

19         THE COURT:  -- a matter of looking at the post.

20         MR. DONIGER:  We have certainly -- we are certainly

21    very familiar with fair use, and there is no -- I see no world

22    in which this falls into fair use, but counsel is free to take

23    whatever position she wishes.

24         On the contract --

25         THE COURT:  It was an article about Schwimmer's post.

N8p2AugC

1        MR. DONIGER:  No.  It was an article about the

2   *Rolling* -- about the *Friends* show being due for a reboot and

3   that that was announced -- one of the things it mentioned is

4   that Schwimmer had announced it.  But it certainly wasn't about

5   the photograph, and it wasn't --

6        THE COURT:  No, but it was about --

7        MR. DONIGER:  About the reboot of *Friends*.

8        THE COURT:  And about it being announced by David

9   Schwimmer on his Instagram feed.

10       MS. LACKMAN:  Correct.  We actually detail that in our

11  second affirmative defense.  We try to make it pretty

12  straightforward.  Each --

13       THE COURT:  But in any event, everybody agrees that I

14  evaluate that on the strength of the thing.

15       MR. DONIGER:  And you know, I do wish that I had

16  brought the *Rolling Stone* agreement here.  I think the Court

17  would be able to readily see that it specifically says the

18  rights that *Rolling Stone* has; that *Rolling Stone* has the

19  right --

20       MS. LACKMAN:  I have it.  I have it.

21       MR. DONIGER:  May I, please?

22       THE COURT:  Oh, great.

23       MS. LACKMAN:  I have a copy for the Court, as well.

24       MR. DONIGER:  Wonderful.

25       MS. LACKMAN:  And paragraph 10 is what I was referring

N8p2AugC

1  give the defendant a schedule for a motion for judgment on the

2  pleadings, and we move forward from there.  But if you need

3  discovery, I don't want her to make the motion and your

4  response being, I need discovery before I can really respond to

5  this.  So if you want discovery, what do you want?

6          MR. DONIGER:  I don't believe we need discovery.

7          THE COURT:  How about from the defendant?

8          MS. LACKMAN:  Not on the issues that your Honor has

9  raised on the motion for judgment on the pleadings, which we do

10  believe would resolve this, or the order to show cause, however

11  your Honor procedurally --

12          THE COURT:  Let's do it in the ordinary course, and

13  you will do a motion for judgment on the pleadings.

14          When would you like to make that motion?

15          MS. LACKMAN:  We could probably do that in the next --

16  probably do it in about two weeks.

17          THE COURT:  All right.  So I have very strong policies

18  on this, and they go back to a time when I was an associate,

19  so.  Your motion for judgment on the pleading is due September

20  8.

21          MS. LACKMAN:  That's fine.  I will be writing this, so

22  I know of no poor associate who will have their holiday ruined.

23  It will only be mine.  And besides, this is fun.

24          THE COURT:  Okay.  How long do you want to respond?

25          MR. DONIGER:  So you said September 8, yes?