UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUGUST IMAGE, LLC and MARK SELIGER,<br><br>    Plaintiffs,<br>v.<br><br>GIRARD ENTERTAINMENT & MEDIA LLC and KEITH GIRARD,<br><br>    Defendants. | Case No.   23-CV-1492 (VEC) |

# DECLARATION OF ELEANOR M. LACKMAN

ELEANOR M. LACKMAN declares as follows:

1. I am a partner at the law firm of Mitchell Silberberg & Knupp LLP ("MSK"), and lead counsel for defendants Girard Entertainment & Media and Keith Girard (collectively, "Girard") in the above-captioned matter. I submit this declaration in support of Girard's Motion for Attorney's Fees and Costs ("Motion").

2. Girard seeks to recover the attorneys' fees that it reasonably incurred in successfully defending itself against plaintiffs August Image, LLC and Mark Seliger's (collectively, "Plaintiffs") claims. Specifically, Girard seeks $19,176.02 in attorneys' fees and costs incurred from the inception of this lawsuit through the date the Court granted Girard's Motion for Judgment on the Pleadings in full, plus the additional fees incurred in connection with this Motion.

3. Attached hereto as **Exhibit A** are true and correct copies of the invoices (five in total) reflecting the time billed by MSK on this matter from May 16, 2023 through October 2, 2023, with redactions for entries not claimed in this Motion. All of these invoices have been sent

to Girard and have been paid.  A short supplemental submission reflecting the additional time billed in bringing this Motion will be filed with the Court as soon as practicable.

4. The paralegal and I who performed services for Girard in this case maintained a detailed time record of his or her services rendered and the time expended on a daily basis. These time records were entered into a computer database that is maintained by MSK's accounting and billing department in the ordinary course of business and is used to create monthly bills.  The accounting and billing department generated preliminary reports (proformas) that were reviewed by me, as the primary litigation attorney responsible for this matter.  I entered any necessary or warranted revisions into a computerized database, and then the accounting and billing department generated the attached invoices therefrom.

5. MSK has internationally-recognized experience in intellectual property, and its litigation attorneys have handled a variety of copyright lawsuits for content and media companies, including several cases for entertainment and media companies in the context of the fair use doctrine.  The standard hourly rates charged for MSK partners, associates, and paralegals are commensurate with, and in many cases lower than, those charged by other New York lawyers at firms of comparable size and reputation in intellectual property.  In this case, MSK agreed to deliver services under discounted rates, including using a rate from some years ago for my time, with various discounts applied across-the-board.

6. As reflected by the cases cited in the accompanying Memorandum of Law, the hourly rates charged by MSK in this matter (namely, $725/hour for me before discounts and $295/hour for a paralegal with eight years of experience, before discounts) are very reasonable in light of the billers' respective experience level and background.

7.     I am a partner at MSK and co-chair of MSK's intellectual property litigation practice group.  I earned my J.D. from Fordham University School of Law in 2003 and am licensed to practice in New York and California. I have worked for Hogan Lovells, Arnold & Porter, and Loeb & Loeb, as well as at a boutique firm for eight years, where I chaired the litigation practice.  My entire litigation career has focused almost exclusively on copyright and trademark cases, with particular depth in the intersection of IP and technology.  I was a lead drafter of amicus briefs in the last two copyright fair use cases that the Supreme Court of the United States decided. My prior work history includes litigating numerous copyright cases involving Rule 12 motions, and my intellectual property work has been recognized by *Chambers USA* and *Chambers Global*, *Managing IP*, *Law360*, *Crain's New York*, and other leading legal and industry publications. A significant portion if not the majority of my IP work has been handled for clients in the content and media industries, and as a recipient of a certificate from the Center for Media, Entertainment & Sports as part of the M.B.A. degree that was conferred on me in June 2023 by UCLA's Anderson School of Management, I am deeply familiar with the practical aspects of those businesses as well. My law firm biography is available on MSK's website, https://www.msk.com/attorneys-Eleanor_M_Lackman.

8.     Throughout my career, I have handled a number of similar lawsuits for several digital media companies of varying sizes. Such work has included budgeting and review of bills. In my experience, the number of hours we spent on this case is reasonable and comparable to, or less than, litigations of similar scope. In fact, it is exceedingly rare that counsel can handle the assessment of a case, drafting of an answer, participating in a mediation, and drafting opening and reply briefs for a total of less than 30 hours, or $20,000. However, rather than taking the time to get other lawyers familiar with the client and the legal issues, in addition to the time involved

3

in reviewing and revising others' work, I determined based on my law firm experience and management training that in this situation, it would cost less for the client for me to handle everything on my own. To help offset my higher hourly rate at the mediation, and in recognizing that Mr. Girard should not be penalized for spending time at a mediation where half the time was spent on licenses that we learned later were never issued, I also did not charge certain portions of my time. I also did not record time pertaining to Mr. Seliger's efforts to get out of the mediation and correspondence with the mediator relating to Plaintiffs' belated required settlement offer and mediation statement. Attached hereto as **Exhibit B** is a true and correct copy of an exchange documenting this incident.

9. The mediation itself was quite aggressive given the circumstances. After demanding nearly $12,000 as their opening offer at mediation, Plaintiffs drew a bottom-line demand at $8500 and asserted that they would take the case "all the way" if Girard did not take that exact offer. Meanwhile, Girard approached the mediation with a "give"—assuming for the sake of a reasonable resolution that he would not win on fair use and would not recover fees—and offered more than the highest editorial license that Seliger had ever procured for prominent, featured use by major magazines with a much higher readership than Girard has ever had. But Plaintiffs did not engage in the same exercise. After the mediation that they abruptly decided to end, and even after having admitted that the larger licenses they relied on for their demands were never accepted or paid, Plaintiffs still demanded multiple thousands of dollars to settle the case. Never did they offer any explanation for the demand, nor any recognition that there was any chance that they might actually lose the upcoming motion and might end up having to pay fees.

10. Girard also seeks to recover the $190.35 in costs incurred in connection with the printed transcript of the August 25, 2023 court hearing, which is recoverable pursuant to *Rimini*

*St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873 (2019), and was reasonably used as part of Girard's motion for judgment on the pleadings. Relevant portions of the transcript are attached hereto as **Exhibit C**.

11. This past week, I requested that MSK's librarian run certain searches pertaining to Plaintiffs' and counsel's copyright litigation history. This request related to the issue of motivation that is discussed in this motion. Our librarian provided me with reports from Bloomberg and Westlaw. As those reports are lengthy, I will not burden the Court with including them, but instead I will represent that they show that the Doniger/Burroughs firm has filed at least 1088 copyright lawsuits in federal court in the past five years, Mark Seliger has filed 29 copyright cases since January 2020, and August Image, LLC has filed 77 copyright cases since January 2020. A Bloomberg Law summary of the firm's filings on an annual basis is attached hereto as **Exhibit D**. A report from Monitor Suite regarding resolution rates for Doniger Firm cases in this District, attached hereto as **Exhibit E**, shows that almost none of these cases live long enough to result in reaching any type of trial or near-trial stage.

12. Attached hereto as **Exhibit F**, for the Court's convenience, is a true and correct copy of an unreported Opinion & Order in *White v. UMG Recordings, Inc.*, 1:20-cv-9971 (AT) (OTW), ECF No. 204 (S.D.N.Y. Aug. 14, 2023).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York

April 12, 2024

_____
ELEANOR M. LACKMAN