# Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
JORDAN WHITE,          :
:
                    Plaintiff,  :     20-cv-9971 (AT) (OTW)
:
      -against-    :     **OPINION & ORDER**
:
UMG RECORDINGS, INC., et al.,   :
:
                    Defendants.  :
:
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**I.  INTRODUCTION**

Defendants UMG Recordings, Inc. and Jordan Carter p/k/a Playboi Carti (collectively "Defendants") brought this motion for expenses pursuant to Fed. R. Civ. P. 37(a)(5) against Plaintiff Jordan White ("Plaintiff"), seeking an award of $22,073.22 in attorneys' fees[1] incurred in connection with their motions: (1) for a protective order quashing numerous subpoenas issued by Plaintiff ($6,566.25); (2) opposing Plaintiff's motion to compel ($5,890.50); (3) opposing Plaintiff's second motion to compel ($9,616.47); and (4) for briefing this motion, which the Court invited Defendants to submit. (ECF Nos. 157-8, 162-4, and 171-72).

For the foregoing reasons, Defendants' motion is **GRANTED in part and DENIED in part**. Defendants' motion is **GRANTED** as to the fees incurred by Defendants' motion for a protective order and for opposing Plaintiff's **two** motions to compel, which was the original scope of the

---

[1] *See, e.g.*, *Estate of Gentry v. Hamilton-Ryker IT Sols., LLC*, 2023 WL 5018432, *2 (S.D. Tex. Aug. 7, 2023) (Edison, M.J.) (opining on "attorneys' fees" as the appropriate term when referring to fees sought by more than one lawyer).

motion contemplated by ECF Nos. 157, 158, and 171. Defendant is awarded a total of **$21,484.17** in fees, broken down as follows: (1) **$6,566.25** for protective order, (2) **$5,301.45** for the first motion to compel (representing a ten-percent reduction of the amount requested, as discussed below), and (3) **$9,616.47** for the second motion to compel. Defendants' motion is **DENIED** as to their motion for fees incurred in connection with briefing this fees motion.

The Clerk of Court is respectfully directed to close ECF 162.

## II. BACKGROUND

Since Plaintiff initiated this lawsuit on November 25, 2020, alleging Defendants violated Section 512(f) of the Digital Millennium Copyright Act, 17 U.S.C. § 512(f), by knowingly submitting an improper "takedown notice" to service providers that hosted content related to Plaintiff's music (*see, e.g.*, ECF Nos. 30, 71), the parties have engaged in numerous discovery disputes. Two such disputes resulted in: (1) Defendants filing a motion for a protective order quashing numerous subpoenas Plaintiff issued to nonparties (ECF 141); and (2) Plaintiff filing an untimely motion to compel outstanding document production and Defendant Carter's deposition (ECF 142).

On December 19, 2022, I granted in part and denied in part Plaintiff's untimely motion to compel. (ECF 157). Specifically, I granted in part and denied in part Plaintiff's motion to compel Carter's deposition for "the normal prescribed amount of time," permitting Plaintiff no more than 2.5 hours of testimony from Carter, and noting the parties' inability to agree on even small discovery issues. (ECF 157 at 6).[2] I further cautioned that any additional time to depose

---

[2] At the October 20, 2022, status conference held to resolve the parties' remaining discovery disputes, counsel, who had been directed to meet and confer and agree to a reasonable time limit for Carter's deposition, could not

2

Carter would only be granted "upon a showing of good cause with specific reference to, and attachment of, the full deposition transcript." (ECF 157 at 6). I denied Plaintiff's motion to compel: (1) responses to interrogatories seeking Defendant Carter's "production information" about his song "Right Now" and album "Die Lit," and (2) document discovery relating to Carter's browsing history from 2017 to 2018, as "overbroad and duplicative." (ECF 157 at 3-6). Further, because I was "concerned that Plaintiff's motion to compel was not substantially justified," I invited Defendants to submit briefing for an apportionment of reasonable expenses under Fed. R. Civ. P. 37(a)(5). (ECF 157 at 7).

Separately, I granted Defendants' motion for a protective order and quashed Plaintiff's numerous subpoenas to nonparties because: (1) Plaintiff did not comply with Fed. R. Civ. P. 45(a)(4) ("suggest[ing] that, at a minimum, these [subpoenas] were not issued in good faith"); and all of the subpoenas were (2) untimely, (3) outside the scope of Fed. R. Civ. P. 26(b)(1) (describing four of the subpoenas, served on Twitter, as "patently misleading"),[3] and (4) unreasonably cumulative and duplicative. (ECF 158 at 1-6). Here, too, I invited Defendants to seek reasonable expenses under Fed. R. Civ. P. 37(a)(5). (ECF 158 at 7).

Defendants timely submitted their attorneys' fees motion and supporting documentation on January 9, 2023. (ECF Nos. 162-64). The motion was fully briefed on January

---

compromise between Plaintiff's proposed four hours and Defendants' proposed limitation of one hour, resulting in this first motion to compel. (*See* 157 at 5-6; *see* Transcript, ECF 137 at 9-20).

[3] As detailed in my order, Plaintiff appears to have served six subpoenas on nonparties Jordan Jenks, Erin Kasen, and Aaron Sherrod, four on Twitter, and one on SoundCloud, comprising nearly 200 pages issued near the close of discovery. These subpoenas attached the Second Amended Complaint, which named a defendant, Jenks, that Judge Torres had dismissed from this action and had instructed Plaintiff that attempting to bring Jenks back into the case "would lead to his *sua sponte* dismissal." (ECF 158 at 5). Further, at the end of a 16-month-long discovery period, Twitter had already been subpoenaed a year earlier, in November 2021, and produced the sought documents, leaving **no reason** to issue **four** further subpoenas on Twitter. (*See* ECF 67 at 16; *see also* 158 at 3).

3

23, 2023. (ECF Nos. 165-66). A mere two days later, Plaintiff filed a **second** motion to compel a **second** deposition of Defendant Carter, citing various insufficiencies of the additional 2.5 hours of deposition time granted in December 2022 and requesting sanctions. (*See* ECF 167). Upon reviewing the deposition transcript, which Plaintiff failed to attach despite my order to do so (ECF 157 at 6), I denied Plaintiff's second motion to compel and his request for sanctions, and invited Defendants to supplement their pending motion for costs to include their expenses incurred in responding to Plaintiff's second motion to compel and for sanctions. (ECF 171). Defendants requested a supplemental award of $9,616.47 and provided detailed accompanying billing records. (ECF 172). The supplemental issue was fully briefed on March 3, 2023. (ECF 173).

### III. DISCUSSION

#### A. Attorneys' Fees Under Rule 37(a)(5)

##### 1. Defendants' Motion for Protective Order

Fed. R. Civ. P. 37(a)(5) "applies to [an] award of expenses" made in connection with an application for a protective order under Fed. R. Civ. P. 26(c)(3). Where a motion for a protective order is granted, Rule 37(a)(5)(A) provides that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred making the motion, including attorney's fees." *Id.* "[I]t is widely accepted that an award of expenses under Rule 37(a)(5)(A) is mandatory unless one of . . . three exceptions appl[y]." *Wager v. G4S Secure Integration, LLC*, 19-CV-3547, 2021 WL 293076, at *4 (S.D.N.Y. Jan. 28, 2021). These exceptions are: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure,

4

response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, Defendants are entitled to recover reasonable expenses incurred in connection with their motion for a protective order quashing numerous subpoenas Plaintiff issued to nonparties. In opposing Defendants' fees motion, Plaintiff asserts, in conclusory fashion, that service of the subpoenas "was in good faith and justified." (ECF 165 at 3). The Court previously found, however, that Plaintiff's subpoenas "seek discovery that is neither relevant nor proportional to the needs of the case. . . . [and] [a]t risk of beating a dead horse, the Court finds that the Subpoenas are also unreasonably cumulative and duplicative." (ECF 158 at 7); *see also* n.2 *infra*. Plaintiff also attempts to challenge Defendants' original motion for a protective order by arguing that Defendants lacked standing. (ECF 165 at 5). This argument is plainly meritless as the Court has already granted Defendants' motion and found Defendants entitled to a protective order and quashed the subpoenas at issue. (ECF 158 at 6).

Accordingly, Defendants' motion for fees is **GRANTED** as to fees incurred for their motion for a protective order under Fed. R. Civ. P. 37(a)(5).

    2.   *Plaintiff's Two Motions to Compel*

Where a motion to compel is granted in part and denied in part, "the court may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). In determining whether fees are appropriate, courts consider the same three exceptions in Fed. R. Civ. P. 37(a)(5)(A). "'Rule 37(a)(5)(C) effectively incorporates the substantive standards of Rule 37(a)(5)(A) and (B).'" *S.E.C. v. Yorkville Advisors, LLC*, 12-CV-7728 (GBD), 2015 WL 855796, at *6

5

(S.D.N.Y. Feb. 27, 2015) (quoting *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 06-CV-6198 (LAK), 2009 WL 2169762, at *2 n.1 (S.D.N.Y. July 21, 2009)).

Here, Defendants are entitled to recover an apportionment of the reasonable expenses incurred in connection with the two issues on which the Court denied Plaintiff's first motion to compel: (1) responses to interrogatories seeking Defendant Carter's "production information" about his song "Right Now" and album "Die Lit," and (2) document discovery relating to Carter's browsing history from 2017 to 2018. (ECF 157 at 3-5). Plaintiff argues that his motion to compel was "justified" and since the motion was granted in part as to the limited continuation of Carter's deposition, Defendants' fees should be either denied or limited. (ECF 165 at 2). Plaintiff forgets that the Court invited this fees motion because Plaintiff's motion to compel was not substantially justified. (ECF 157 at 7). As directed, Defendants move only for expenses "incurred in connection with the issues on which they won" and represent that the amount requested reflects this reduction. (ECF 166 at 5; *see also* ECF 164). The billing records, however, contain entries that may include time spent responding to the motion to compel Carter's deposition. (*See* ECF 164-1).[4] In order to ensure that Defendants are only compensated for their successful opposition to Plaintiff's motion to compel, the Court will take a ten percent reduction in the amount sought for opposing Plaintiff's motion to compel.[5]

Defendants are also entitled to reasonable expenses incurred in connection with Plaintiff's **second** motion to compel additional deposition time of Defendant Carter, which the

---

[4] For example, a December 15, 2022, entry billing 2.8 hours to "[d]raft and revise opposition letter brief to Plaintiff's motion to compel" could include time spent responding to the motion to compel Carter's deposition. (ECF 164-1 at 5).

[5] $5,890.50 – 10% = $5,301.45.

6

Court denied. (ECF 171). Plaintiff failed to follow basic Court orders such as attaching the transcript of Carter's 2.5-hour deposition to his motion to compel a second deposition, which the Court noted was "basis alone" to deny the motion. (*See* ECF Nos. 167, 171). Plaintiff's motion further appeared to assert, essentially, that a "do over" deposition was needed, citing issues such as the room's lack of adequate lighting, Carter's clothing, and his behavior at the deposition. (ECF 167). The Court's review of Carter's deposition transcript contradicted the assertions made in Plaintiff's motion. (ECF 171). For these reasons, the Court awards fees to Defendants for expenses incurred in opposing Plaintiff's second motion to compel and motion for sanctions.

Accordingly, Defendants' motion for fees is **GRANTED** as to fees incurred by Defendants in successfully opposing both of Plaintiff's motions to compel under Fed. R. Civ. P. 37(a)(5).

### 3. Fees on Fees

The Court may decline to award fees for the filing of an attorneys' fees motion, commonly referred to as "fees on fees." *See, e.g.*, *Commissions Imp. Exp. S.A. v. Republic of the Congo*, 19 – M- 195 (KPF), 2021 WL 4991716, at *7 (S.D.N.Y. Oct. 27, 2021) ("While the Court has awarded [fees on fees] in the past, it will not do so here.") (internal citations omitted). Here, in light of both parties' "history of making discovery mountains out of molehills" (ECF 157 at 4), and the fact that Defendants were invited to move for fees under Rule 37(a)(5), which does not provide for fees on fees, Defendants' motion for fees on fees is **DENIED**.

### B. Calculation of a Reasonable Fee Award

Defendants move for a total award of fees in the amount of $22,073.22, incurred in connection with (1) seeking a protective order quashing numerous subpoenas issued by

7

Plaintiff ($6,566.25), (2) opposing Plaintiff's motion to compel ($5,890.50), and (3) opposing Plaintiff's second motion to compel ($9,616.47). (ECF Nos. 162-4, 168, and 172). The Court finds that Defendants' rates and hours are reasonable.

Courts traditionally determine attorneys' fee awards through the "lodestar" calculation, which is "the number of hours expended multiplied by a reasonable hourly rate." *Venus By Maria Tash, Inc.*, 21-CV-2098, 2022 WL 4085747, at *6 (S.D.N.Y. Aug. 24, 2022). The lodestar calculation creates a presumptively reasonable fee. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The party seeking an award of attorneys' fees should submit evidence "supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983). Defendants have properly submitted this evidence here, including a declaration from counsel and a copy of contemporaneously recorded billing entries for the work involved in moving for a protective order and opposing Plaintiff's motions to compel. (EFC Nos. 164, 172).

Courts assess the reasonableness of an hourly rate by comparing it to the prevailing market rate for attorneys in the district in which the Court sits. *See Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006). Here, Defendants' hourly rates are reasonable compared to other intellectual property attorneys in the Southern District of New York. Defendants are represented by Mitchell Silberberg & Knupp LLP ("MSK") and seek reimbursement of fees for the work of one partner, Jeffrey M. Movit, and one sixth-year associate, Elaine Nguyen, both specialized in intellectual property law. (ECF Nos. 164 at 2-3; ECF 172 at 1). Mr. Movit bills at a rate of $675 per hour and Ms. Nguyen bills at rate of $475 per

8

hour. (ECF Nos. 164 at 2; ECF 172 at 1). MSK applied a 15% "Courtesy Discount" to the fees incurred for Defendants, making the effective rates $573.75 per hour for Mr. Movit and $403.75 per hour for Ms. Nguyen. (ECF 164 at 3).[6] These hourly rates, although on the higher end, are within the reasonable range of rates for experienced intellectual property lawyers and consistent with the prevailing market rate in this district. *See, e.g.*, *Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*, 13-CV-1526 (RJS), 2020 WL 2848232, at *6 (S.D.N.Y. June 1, 2020) (finding an hourly rate in the range of $400 to $750 reasonable for partners in copyright and intellectual property cases and $200 to $450 reasonable for associates in copyright cases).

To determine the compensable hours, "the court must examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case." *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 371 (S.D.N.Y. June 22, 2005) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)). "In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Gierlinger*, 160 F.3d at 876. Here, MSK billed 12.6 hours for seeking the protective order, 11.6 hours for opposing the first motion to compel, and 21.7 hours opposing the second motion to compel. (ECF 164 at 3; ECF 172 at 1). The Court has reviewed Defendants' supporting billing records and finds the time spent to be reasonable. The work performed is of the nature, type, and amount that would be expected for experienced intellectual property lawyers to prepare these filings.

---

[6] For Defendants' opposition to Plaintiff's second motion to compel, Defendants also sought reimbursement for 1.9 hours billed by a sixth-year paralegal at the firm, Dalton Kniss, at a billable rate of $215, also reduced by 15%, making the effective rates $182.75 per hour.

IV. **CONCLUSION**

For the foregoing reasons, Defendants' motion for attorneys' fees is **GRANTED in the amount of $21,484.17** broken down as follows: (1) **$6,566.25** for protective order, (2) **$5,301.45** for first motion to compel (representing a ten-percent reduction of the amount requested, as discussed above), and (3) **$9,616.47** for the second motion to compel. Defendants' motion is **DENIED** as to their motion for fees incurred in connection with briefing this fees motion.

**SO ORDERED.**

                                                                           *s/ Ona T. Wang*

Dated: August 14, 2023                                              **Ona T. Wang**
      New York, New York                               United States Magistrate Judge